# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs, <br><br> V <br><br> Tenet Healthcare Corporation and Centennial Medical Center LLC, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 6:14-cv-401 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") file this Original Complaint against Tenet Healthcare Corporation ("Tenet") and Centennial Medical Center LLC ("Centennial") (collectively "Defendants") for infringement of U.S. Patent Nos. 5,682,526 ("the '526 patent") and 5,715,451 ("the '451 patent").

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Ste. 806, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company, with its principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.     Uniloc Luxembourg and Uniloc USA are collectively referred to as "Uniloc." Uniloc has researched, developed, manufactured, and licensed information security technology solutions, platforms and frameworks, including solutions for securing software applications and digital content.  Uniloc owns and has been awarded numerous patents for its research and development.  Uniloc's technologies enable, for example, software and content publishers to securely distribute and sell their high-value technology assets with maximum profit to its customers and/or minimum burden to legitimate end-users. Uniloc's technologies are used in several markets including, for example, electronic health record software, software and game security, identity management, intellectual property rights management, and critical infrastructure security.

4.     Defendant Tenet is a health care delivery system which owns several hospitals throughout Texas and in the Eastern District of Texas.  Defendant Tenet is a Nevada corporation with its Headquarters at 1445 Ross Avenue, Suite 1400, Dallas, Texas 75202.  Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.  Upon information and belief, Defendant does business in the State of Texas and in the Eastern District of Texas. Defendant's business in the State of Texas is evidenced in part by its maintenance of an address at 1445 Ross Avenue, Suite 1400, Dallas, Texas 75202.

5.     Defendant Centennial is a hospital and medical center.  Defendant Centennial is a Texas corporation with its Headquarters at 12505 Lebanon Rd, Frisco, Texas, USA 75035. Defendant may be served with process through its registered agent, Graham Cherrington, 2941 S. Lake Vista Rd., Suite 200, Lewisville, Texas 75067.  Upon information and belief, Defendant does business in the State of Texas and in the Eastern District of Texas. Defendant's business in the

Eastern District of Texas is evidenced in part by maintenance of its Headquarters at 12505 Lebanon Rd, Frisco, Texas, USA 75035 in Collin County, Texas.

## JURISDICTION AND VENUE

6. Uniloc brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants are deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district and/or, has regular and established places of business in this judicial district.

8. Defendants are subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I
### (INFRINGEMENT OF '526 PATENT)

9. Uniloc incorporates paragraphs 1 through 7 herein by reference.

10. Uniloc Luxembourg is the owner, by assignment, of the '526 patent, entitled "METHOD AND SYSTEM FOR FLEXIBLY ORGANIZING, RECORDING, AND DISPLAYING MEDICAL PATIENT CARE INFORMATION USING FIELDS IN FLOWSHEET." A true and correct copy of the '526 patent is attached as Exhibit A.

11. Uniloc USA is the exclusive licensee of the '526 patent with ownership of all substantial rights in the '526 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

12. The '526 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

13. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '526 patent complied with any such requirements.

14. Defendant directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '526 patent in this judicial district and elsewhere in Texas, including at least Claim 4, without Uniloc's consent or authorization. The infringing products include, as non-limiting examples, the products and services in listed in Exhibit C, which are not licensed under the '526 Patent or '451 Patent, and have received federal certification by the Office of the National Coordinator (ONC–ATCB) as being complete Electronic Health Record ("EHR") products (hereinafter "Infringing Products"). Defendant's infringement occurs and has occurred through operation of the Infringing Products, which each practice the method of one or more claims of the '526 patent. Such operation includes Defendant's own operation (through, among other things, operations by its employees) as well as operation Defendant has done on its behalf, for example, through third parties.

15. Throughout the claim construction process in the pending case of *Uniloc USA, Inc. et al v. e-MDs, Inc. et al., Case No. 6:14-cv-625*, defendants argued that the claims of the '526 patent requires a "user" and as developers of the certified EHR products listed in Exhibit C, they cannot possibly practice the claims of the '526 patent as a "user." In their claim construction

briefing, defendants expressly distinguished "persons involved in the development of the software that embodies the method (e.g., computer programmers and software developers)" from "end users of the software (e.g., healthcare systems and providers)" and argued the claims of the '526 patent required actions that could be performed only by the latter.

16. Uniloc has been and continues to be damaged as a result of Defendant's infringing conduct described in this Count. Defendant is thus liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (INFRINGEMENT OF THE '451 PATENT)

17. Uniloc incorporates all the preceding paragraphs herein by reference.

18. Uniloc Luxembourg is the owner, by assignment, of the '451 patent, entitled "METHOD AND SYSTEM FOR CONSTRUCTING FORUMLAE FOR PROCESSING MEDICAL DATA." A true and correct copy of the '451 patent is attached as Exhibit B.

19. Uniloc USA is the exclusive licensee of the '451 patent with ownership of all substantial rights in the '451 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

20. The '451 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

21. Defendant directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '451 patent in this judicial district and elsewhere in Texas, including at least Claim 7, without Uniloc's consent or authorization. Defendant's infringement occurs and has occurred through using the Infringing Products, and, also, by operation of the Infringing Products, which each practice the method of

one or more claims of the '451 patent. Such operation includes Defendant's own operation (through, among other things, operations by its employees) as well as operation Defendant has done on its behalf, for example, through third parties.

22.     Throughout the claim construction process in the pending case of *Uniloc USA, Inc. et al v. e-MDs, Inc. et al., Case No. 6:14-cv-625*, defendants argued that the claims of the '526 patent requires a "user" and as developers of the certified EHR products listed in Exhibit C, they cannot possibly practice the claims of the '451 patent as a "user."  In their claim construction briefing, defendants expressly distinguished "persons involved in the development of the software that embodies the method (e.g., computer programmers and software developers)" from "end users of the software (e.g., healthcare systems and providers)" and argued the claims of the '451 patent required actions that could be performed only by the latter.

23.     Uniloc has been and continues to be damaged as a result of Defendant's infringing conduct described in this Count. Defendant is thus liable to Uniloc in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

24.     Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Uniloc requests that the Court find in its favor and against Defendant, and that the Court grant Uniloc the following relief:

a. Judgment that one or more claims of the '526 and '451 Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Uniloc all damages to and costs incurred by Uniloc because of Defendant's infringing activities and other conduct complained of herein;

c. That Uniloc be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

d. That Uniloc be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   May 6, 2016**                         Respectfully submitted,

*/s/ Ryan S. Loveless*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

***Counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A.***